

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  19-CR-6072DGL

THOMAS ALONZO BOLIN,

          Defendant.

---

## PLEA AGREEMENT

The defendant, **THOMAS ALONZO BOLIN**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18 United States Code, Section 1001(a)(2) (making a material false statement), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant made a statement or representation;

   b. The statement or representation was false, fictitious or fraudulent;

   c. The statement or representation was material;

   d. The defendant acted knowingly and willfully; and

   e. The statement or representation pertained to a matter within the jurisdiction of the executive branch of the United States Government.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On March 15, 2019, a gunman attacked two mosques in Christchurch, New Zealand, shooting and killing 50 worshippers and civilians, and injuring 50 others. That same day, a Facebook user by the named of "Ragnar Odinson" – who was a member of a Facebook group called "Odin's Warriors" – made statements on Facebook in which he, among other things, called for a re-enactment of the mosque attacks Christchurch, New Zealand, and indicated that he was willing to "do something" the following week.

2

b. In March 2019, the defendant, **THOMAS ALONZO BOLIN**, was a member of and the administrator for the "Odin's Warriors" Facebook group. The defendant used a Facebook account with the user name "Peter Vincent" to post messages on Facebook and communicate with other members of the "Odin's Warriors" Facebook group. In those messages, the defendant, among other things, made statements consistent with white supremacist ideology, references to the Christchurch mosque attacks (including the gunman's manifesto and the video of one of the attacks), and statements threatening violence against Muslims and others, and used derogatory terms to refer to Muslims and other minority groups.

c. For example, on March 15, 2019, the defendant posted the following statements, among others: "As a people we must accept the old gods and rally around our kin. And fight back against the kikes.islamic filth and the niggers in that order"; the defendant posted two photographs – one with the caption "how muslims see white people," which depicted a white male pointing a shotgun toward the camera, and one with the caption "how white people see muslims," which consisted of a still photograph from the Christchurch gunman's video of the attack showing a long gun being pointed downrange toward a mosque; and the defendant, in a Facebook message to his girlfriend, stated, "Come on they are muslim rats they would gladly do the worse to you or me. it does my hart good to see thim run down infront of their sandnigger god" (referring to the Christchurch attacks).

d. In addition, on March 15, 2019, the defendant sent a Facebook message to "Ragnar Odinson" stating that the gunman in the Christchurch attacks "killed 40 muslims . . . ran up in a mosque with an" AR-15 rifle. Odinson responded with a heart emoji and the post, "Lovely." Odinson then shared links to the Christchurch gunman's manifesto and video of the attack with members of the "Odin's Warriors" Facebook group, including the defendant.

e. On March 12, 2019, prior to the Christchurch attacks, the defendant sent a photograph of himself wearing a red devil mask and pointing the barrel of a shotgun at the camera to another Facebook user via Facebook Messenger.

f. In late March 2019, the Federal Bureau of Investigation, Rochester Resident Agency (FBI), initiated an investigation of the defendant, **THOMAS ALONZO BOLIN**, and other members of the "Odin's Warriors" Facebook group. The FBI was investigating possible violations of federal civil rights laws (including 18 U.S.C. §§ 241 (conspiracy to violate civil rights), 247 (obstruction of persons in the free exercise of religious beliefs)), and firearms laws (including 18 U.S.C. § 924(c) (possession and use of firearms in furtherance of a crime of violence)).

g. As part of the investigation, FBI Special Agent Kevin Black and FBI Task Force Officers Scott Hill and Eric Norcross, interviewed the defendant in the vicinity of 4480 Culver Road, Irondequoit, Western District of New York, on March 30, 2019. During the interview, the defendant knowingly and willfully made a material false statement to FBI Special Agent Kevin Black, and FBI Task Force Officers Scott Hill and Eric Norcross. Specifically, the defendant falsely told them that he did not possess any firearms in New York State. In fact, the defendant knew at the time that he made that statement to the FBI that he possessed a Mossberg, Model 590, 12-gauge shotgun, bearing serial number V0853179, in his bedroom closet at 34 Third Avenue, Greece, New York. This false statement was material to the FBI's investigation of possible violations of federal civil rights and firearms laws by the defendant and others.

h. The FBI is a part of the executive branch of the government of the United States, and conducting an investigation into potential violations of federal civil rights and firearms laws is within the jurisdiction of the FBI and the executive branch of the government of the United States.

## III.   SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.   The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

### ACCEPTANCE OF RESPONSIBILITY

7.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 4.

## CRIMINAL HISTORY CATEGORY

8.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9.  It is the understanding of the government and the defendant that, with a total offense level of 4 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **0 to 6 months**, a fine of **$500 to $9,500**, and a period of supervised release of **1 to 3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence of **time served** and a term of **1 to 3 years of supervised release**, as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the conditions of a term of supervised release that may be imposed by the Court at sentencing.

11. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12. The defendant understands that, except as set forth in ¶ 10, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.   STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal other criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V(a). REMOVAL

14. The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

16. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 19-MJ-4047.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. FORFEITURE PROVISIONS

### FIREARMS AND AMMUNITION FORFEITURE

21. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees to the immediate entry of a <u>Preliminary Order of Forfeiture</u> pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property:

    a.    one (1) Mossberg, Model 590, 12-gauge shotgun, bearing serial number V0853179, seized at 34 Third Avenue, Greece, New York, on March 30, 2019; and

    b.    39 rounds of shotgun ammunition seized at 34 Third Avenue, Greece, New York, on March 30, 2019.

22. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the

defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

23. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

24. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

### VIII. TOTAL AGREEMENT AND AFFIRMATIONS

25. This plea agreement represents the total agreement between the defendant, **THOMAS ALONZO BOLIN**, and the government. There are no promises made by anyone

other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
BRETT A. HARVEY
Assistant United States Attorney

Dated: May 14, 2019

I have read this agreement, which consists of pages 1 through 11. I have had a full opportunity to discuss this agreement with my attorney, Sonya A. Zoghlin, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
THOMAS ALONZO BOLIN
Defendant

Dated: May 14, 2019

_____
SONYA A. ZOGHLIN, ESQ.
Attorney for the Defendant

Dated: May 14, 2019

11