AO 245B    (Rev. 11/16) Judgment in a Criminal Case
             Sheet 1

ENW/jac (5916521)

# UNITED STATES DISTRICT COURT
### Western District Of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Thomas Alonzo Bolin | ) | Case Number: 6:19CR06072-001 |
| | ) | USM Number: 28625-055 |
| | ) | Sonya A. Zoghlin |
| | | *Defendant's Attorney* |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)     1 of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1001(a)(2) | Making a Material False Statement | 3/30/2019 | 1 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Criminal Complaint 19-MJ-4047     ☒ is    ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

*[FILED stamp: JUL 03 2019, MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY]*

July 2, 2019
Date of Imposition of Judgment

*/s/ David Larimer*
Signature of Judge

Honorable David G. Larimer, U.S. District Judge
Name and Title of Judge

July 3, 2019
Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

ENW/jac (5916521)

Judgment — Page 2 of 7

DEFENDANT: Thomas Alonzo Bolin
CASE NUMBER: 6:19CR06072-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Time served.

The cost of incarceration fee is waived.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B      (Rev. 11/16) Judgment in a Criminal Case                                                                    ENW/jac (5916521)
             Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:          Thomas Alonzo Bolin
CASE NUMBER:        6:19CR06072-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:          3 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Thomas Alonzo Bolin  
CASE NUMBER: 6:19CR06072-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of probation or supervised release, I understand that this court may (1) revoke supervision, (2) extend the terms of supervision, and/or (3) modify the conditions of probation or supervised release. A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

U.S. Probation Officer's Signature _____  Date _____

AO 245B    (Rev. 11/16) Judgment in a Criminal Case                                                                ENW/jac (5916521)
           Sheet 3B — Supervised Release

Judgment—Page   5   of   7

DEFENDANT:         Thomas Alonzo Bolin
CASE NUMBER:       6:19CR06072-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

2. The defendant shall participate in a program for substance abuse, including substance abuse testing such as urinalysis and other testing, and shall undergo a drug/alcohol evaluation and treatment if substance abuse is indicated by the testing. The probation officer will supervise the details of any testing and treatment, including the selection of a treatment provider and schedule. If in-patient treatment is recommended, however, it must be approved by the Court unless the defendant consents. The defendant is not to leave treatment until completion or as ordered by the court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered.

3. The defendant shall not: post on, or upload to, any Internet website; or transmit, by any electronic means, including but not limited to email and text messaging, and regardless of whether it is accessible by one or more than one person, any statements or other content, whether verbal, pictorial, or otherwise, that promotes or endorses violence, unlawful activity, or any groups that espouse such ideas. Violence includes: violence against persons because of their membership in a certain social group or race, bias related violence or criminal conduct. That includes forwarding, "liking," or otherwise endorsing such content posted or transmitted by others, in a way that is visible to others or that would tend to further disseminate such messages or content. The defendant shall not post *any* messages, photographs, or other content, on any website that promotes or endorses violence or unlawful activity, or that is maintained by an individual or group that publicly promotes or endorses violence or unlawful activity, regardless of the nature of the message or content.

4. The defendant shall not use or possess any computer, data storage device, or any internet capable device unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveil all activity on computer(s) or connected device(s) owned or operated by defendant. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity **that appears to violate Special Condition #3. Such activities shall be promptly brought to the Court's attention.** As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. Any such monitoring or examinations shall be designed to avoid, as much as possible, reading any privileged information or any private material that is not illegal **or in violation of Condition #3.**

AO 245B	(Rev. 11/16) Judgment in a Criminal Case	ENW/jac (5916521)
	Sheet 4 — Criminal Monetary Penalties

Judgment—Page __6__ of __7__

**DEFENDANT:** Thomas Alonzo Bolin
**CASE NUMBER:** 6:19CR06072-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 100 | $ 0 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ _____ | $ _____ |  |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 11/16) Judgment in a Criminal Case            ENW/jac (5916521)
          Sheet 5 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT:    Thomas Alonzo Bolin
CASE NUMBER:    6:19CR06072-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☐ Lump sum payment of $_____ due immediately, balance due

       ☐ not later than _____, or
       ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**   ☒ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☒ F below); or

**C**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒ Special instructions regarding the payment of criminal monetary penalties:

       The defendant shall pay a special assessment of $100, which shall be due immediately. Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
      One (1) Mossberg, Model 590, 12-guage shotgun, bearing serial number V0853179, seized at 34 Third Avenue, Greece, New York, on March 30, 2019; and 39 rounds of shotgun ammunition seized at 34 Third Avenue, Greece, New York, on March 30, 2019.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.